[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this limited contested matter, the court heard only the testimony of the parties. From this testimony and the reasonable inferences which may be drawn from it, the court has fashioned the awards and orders below. The support guidelines and 46b-81
have been considered as well.
First, it is found that this marriage has broken down irretrievably and a decree of dissolution may enter.
The court will adopt the agreement of the parties as to custody and visitation. Custody of the minor child John Jr. shall be with the plaintiff wife and custody of the minor child Marc shall be with the defendant father. The parties shall each have rights of reasonable visitation with the non-custodial child.
The court has examined the medical records of the defendant and concludes that they do not support the argument that the defendant is disabled and unable to work. The testimony on this issue is even less credible.
The plaintiff testified that the defendant's paychecks were never less than $600. The defendant is a mechanic, working on heavy equipment and motor vehicles. The court finds he has an earning capacity of $600 per week and this capacity is considered by the court in ordering $50 per week support for the minor child John Jr and $100. per week as alimony. CT Page 4676
The family residence is the major asset and the plaintiff resides here with one child. She is the more stable and reliable of the parties and despite having two young children, has worked for most of her married life. Due to the defendant's failure to pay the pendente lite orders, she has had to borrow money and invade her pension account.
The plaintiff is awarded the family residence at 30 Mansfield Road, North Haven along with all of the personalty, furniture and furnishings located in the house. She may also retain her 1988 Isuzu Trooper.
The court notes the defendant is presently in arrears in court ordered payments in the amount of $5,400. He is also apparently mainly responsible for second and third mortgages which presently encumber the family home. He claims credits of $191. and half of the $1700. IRS refund check.
The court will award the defendant the sum of $15,000. to be secured by a non-interest bearing mortgage on the family residence and payable five years from this date. The plaintiff may reduce that obligation by the amount of any court ordered payments the defendant fails to make.
The court has awarded the defendant this sum of $15,000. primarily because he is providing a home for one of the minor children. The defendant's maximum "equity" in the family home is $60,000. He is in arrears on court ordered payments in the amount of $5400., is responsible for some $22,000. in liens, has caused the plaintiff to go into debt in the amount of $9,000., and is entitled to about $1040. in credits, primarily from an IRS refund. This would reduce his potential equity to $24,600. Because it is unlikely that he would make the payments if ordered to do so, this method of reimbursing the plaintiff appears more realistic.
The defendant is awarded free and clear of any claims of the plaintiff the land in Colorado he owns jointly with his brother and these items of personalty: all car parts, his bench, love seat, the antique watch (a family heirloom), pin collection, silver dollars and an old tractor. All of these items should be removed forthwith or remain on the premises at the option of the plaintiff.
The plaintiff presently maintains health insurance for herself and the 2 minor children. Any unpaid or uncovered expenses for the children shall be split equally between the parties. CT Page 4677
All payments ordered to be made by the defendant shall be secured by a wage execution. The defendant shall notify the plaintiff in writing of any change of employment and of the date he returns to work from his present absence.
ANTHONY V. DeMAYO, JUDGE